1  Gene J. Stonebarger (SBN 209461)
   gstonebarger@stonebargerlaw.com
2  Richard D. Lambert (SBN 251148)
   rlambert@stonebargerlaw.com
3  Elaine W. Yan  (SBN 277961)
   eyan@stonebargerlaw.com
4  STONEBARGER LAW, APC
   75 Iron Point Circle, Suite 145
5  Folsom, CA  95630
   Telephone:     (916) 235-7140
6  Facsimile:     (916) 235-7141

7  Attorneys for Plaintiff SANTINA MONGOLD

8

9           IN THE UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  SANTINA MONGOLD, on behalf of herself and all others similarly situated, | Case No. |
| 13           Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| 14  vs. | **1.** NEGLIGENCE<br>**2.** UNFAIR COMPETITION LAW |
| 15  TARGET CORPORATION, a Minnesota corporation, and DOES 1 through 50, inclusive, | **3.** CONSTITUTIONAL PRIVACY<br>    RIGHT VIOLATION<br>**4.** BAILMENT |
| 16 | **5.** CAL. CIV. CODE § 1798.80 *ET SEQ.* |
| 17           Defendants. | |
| 18 | **DEMAND FOR JURY TRIAL** |

19        Plaintiff Santina Mongold on behalf of herself and all others similarly situated, alleges upon

20  personal knowledge, information and belief as follows:

21                          **Introduction**

22        1.    Plaintiff brings this action individually and on behalf of a class of similarly situated for

23  injuries suffered as a result of Defendant's wrongful conduct.   Between November 27, 2013 and

24  December 15, 2013, Defendant Target Corporation was subject to a security breach in which the personal

25  identifying information ("PERSONAL INFORMATION") of over 70 million customers was stolen from

26  software installed on machines used by Target customers to swipe the magnetic stripe on their debit or

27  credit cards to pay for merchandise at Target stores.

28

2.     Target has statutory, contractual, and common law duties to adequately protect its customers' non-public and private financial information.  Target breached the duties owed to its customers by failing to safeguard customers' non-public and private information, and by failing to timely disclose the security breach to customers.  Target should have undertaken adequate measures to thwart and/or detect intrusions into their computer systems.

## Parties & Venue

3.     Plaintiff Santina Mongold is a resident of the State of California. She resides in the Northern District of California and is a customer of Target.

4.     Defendant Target Corporation is incorporated in the State of Minnesota with its principal place of business in Minneapolis, Minnesota. Target Corporation owns and operates numerous retail stores in the Northern District of California, and regularly transacts business in California.

5.     Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sue these DOE Defendants by such fictitious names.  Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

## Jurisdiction

6.     This Court has diversity jurisdiction over the claims asserted in the complaint.

7.     The amount in controversy exceeds $75,000 and there exists complete diversity with respect to the named parties.  Additionally, the Court has jurisdiction under the Class Action Fairness Act because the proposed class has more than 100 persons and the amount at issue exceeds five (5) million dollars.

8.     Venue is proper pursuant to 28 U.S.C. §1391 in that Plaintiff resides in this District; many of the acts and transactions giving rise to this action occurred in this District; Defendant is authorized to conduct business in this District, has intentionally availed itself of the laws and markets within this District through distribution and sale of its products in this District, does substantial business in this District, and is subject to personal jurisdiction in this District.

/ / /

/ / /

### Factual Allegations

9.      Target is the second largest discount retailer in the United States.  It is ranked 36th on the Fortune 500 list of top U.S. companies by gross revenue.  Target operates approximately 1,800 stores throughout the United States.   There are approximately 250 Target stores located in the State of California and a number of them are in this District.

10.      Between November 27, 2013 and December 15, 2013, Target was subject to a security breach in which personal information of over 70 million customers was stolen. The personal information was stored on the magnetic stripe on the backs of debit and credit cards used by Target customers to pay for purchases in Target stores. Customer names, credit or debit card numbers, card expiration dates, three-digit CVV security codes, home addresses, email addresses and telephone numbers, were among the personal information stolen.

11.      Upon information and belief, news of the security breach was first reported on December 18, 2013 by former Washington Post reporter and computer security expert Brian Krebs on his website http://krebsonsecurity.com. According to Krebs, the type of PERSONAL INFORMATION stolen, known as Track Data, allows the recipients of stolen data to create counterfeit cards by encoding the information onto any card with a magnetic stripe.

12.      PIN numbers used for debit card purchases have been intercepted.  As a result, it is possible that the recipients of the stolen data will be able to reproduce stolen debit cards and use them to withdraw cash at ATM machines or use them in consumer transactions.

13.      The breach was caused by Target's negligence in connection with Target's protection of the personal information it obtains from its customers and failure to adequately protect the privacy of its customer's personal information.

14.      On December 19, 2013, Target posted a statement about the security breach on its corporate website, https://corporate.target.com/, in which it confirmed the unauthorized access to its customers' debit and credit accounts and that the information stolen included customer names, credit and debit card numbers, expiration dates and CVV codes.  In its December 19 statement concerning the data breach, Target claimed to "have identified and resolved the issue," conveying a false sense of security to affected customers.

15.     Upon information and belief, on December 20, 2013, Target posted an announcement on its retail website, www.target.com, stating that there was unauthorized access to Target payment card data between November 27, 2013 and December 15, 2013.

16.     On January 13, 2014, Target posted letters in Wall Street Journal and the New York Times, informing its customers that it had determined that customer information, "including names, mailing addresses, phone numbers or email addresses, was also taken."

17.     To date, Target has not taken sufficient steps to protect its customers from continued damage as a result of the breach.

18.     As a result of Target's failures to adequately safeguard its customers' personal information and adequately and timely notify its customers of the security breach and the scope of the breach, Class members remain at great risk of continued harm.

19.     On or about December 3, 9, and 14, 2013, Plaintiff purchased goods in a Target store located in San Ramon, California.  She used her credit card to tender payment for her purchase.  In connection with her purchase transaction, Plaintiff swiped the magnetic stripe of her card in a machine located near the cash register.

20.     Upon information and belief, Plaintiff's personal information contained in the magnetic stripe of her credit card, and maintained in Target's databases as a result of her transactions, was stolen.

21.     Plaintiff and the Class now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights.

## Class Allegations

22.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff seeks certification of a class under Rule 23(b)(1), (b)(2) and (b)(3).

23.     Class Definition: The class that Plaintiff seeks to represent is defined as all Target customers who used a debit or credit card at a Target store from November 27, 2013 through December 15, 2013, and whose personal information was stolen from Target.

24.     Excluded from the Class: Excluded from the Class are Target, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Target has a controlling interest, and

1   the legal representatives, successors, or assigns of any such excluded persons or entities, and Plaintiff's

2   attorneys. Also excluded from the classes are any judges presiding over these proceedings and their

3   immediate family.

4       25.   <u>Numerosity</u>:  The class members are so numerous that joinder of all members is

5   impracticable. While the exact number of class members is unknown to Plaintiff at this time, it is

6   estimated that Target's security breach at issue affects over 70 million customer accounts.  Members are

7   readily ascertainable through appropriate discovery from records maintained by Target and its agents.

8       26.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient

9   adjudication of this controversy because joinder of all members is impracticable, the likelihood of

10  individual class members prosecuting separate claims is remote and individual members do not have a

11  significant interest in individually controlling the prosecution of separate actions. No difficulty will be

12  encountered in this case's management to preclude maintenance as a class action.

13      27.   <u>Common Questions of Law and Fact Predominate</u>:  Questions of law and fact common to

14  the class predominate over questions affecting only individuals. Among the common questions are:

15          a.      Whether Target breached a duty and was negligent in failing to safeguard Class

16  members' personal information;

17          b.      Whether Target violated industry standards regarding the safeguarding of Class

18  members' personal information;

19          c.      Whether Target breached a duty and was negligent in failing to adequately and

20  timely notify Class members of the security breach as soon as practical after the breach was discovered;

21          d.      Whether Target's conduct violated the California Unfair Competition Law,

22  California Business & Professions Code § 17200 *et seq.*;

23          e.      Whether Target's conduct violated Class members' California Constitutional Right

24  to Privacy;

25          f.      Whether Target violated the requirements of California Civil Code Section

26  1798.80 *et seq.*;

27          g.      Whether Class members have been damaged and the proper measure of such

28  damages; and

1          h.    Whether the Class is entitled to any other remedies, such as ongoing credit

2  monitoring;

3          i.    Whether the Class is entitled to declaratory relief;

4          j.    Whether the Class is entitled to injunctive relief; and

5          k.    Whether the Class is entitled to an award of reasonable attorneys' fees and costs of

6  suit.

7    28.    Typicality: Plaintiff's claims are typical of other Class members' claims because they, like

8  every other Class member, were exposed to virtually identical conduct.

9    29.    Adequacy: Plaintiff can fairly and adequately represent the Classes' interests; he has no

10  conflicts of interest with other class members, and he retained counsel competent and experienced in

11  class action and complex civil litigation.

12                              **FIRST CLAIM**

13                              **(Negligence)**

14    30.    Plaintiff refers to and incorporates by reference the above paragraphs.

15    31.    By accepting tender of Plaintiff's and Class members' debit and credit cards and obtaining

16  the personal information contained in the magnetic stripes of their cards, Target had a duty to exercise

17  reasonable care in safeguarding the privacy of their personal information to prevent the unauthorized

18  access of their personal information.

19    32.    Target also had a duty to timely disclose the security breach and notify Plaintiff's and

20  Class members that their PERSONAL INFORMATION had been stolen.

21    33.    Target, by failing to adequately safeguard the privacy of Plaintiff's and Class members'

22  personal information and timely and adequately notify them of the security breach, breached its duty to

23  Plaintiff and the Class.

24    34.    As a direct and proximate result of Target's breach of duties, Plaintiff and Class members

25  have suffered damages and continue to be at serious risk of further harm from, among other things, the

26  unauthorized use of their credit and debit cards, unauthorized ATM withdrawals from their bank

27  accounts, other forms of Identity Theft, and further threats of theft or unauthorized access to the personal

28  information in the hands of Target, as Target has demonstrated an inability to safeguard their personal

information.

## SECOND CLAIM

### (Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*)

35. Plaintiff refers to and incorporates by reference the above paragraphs.

36. Target engaged in unfair and unlawful business practices by accepting its customers' personal information and failing to properly implement adequate, commercially reasonable security measures to protect consumers' sensitive personal information.

37. Target also engaged in unfair and unlawful business practices by failing to timely notify its affected customers, including Plaintiff and the Class members, of the nature and extent of the security breach.

38. Plaintiff and the Class have suffered ascertainable losses as a direct and proximate result of Target's unfair and unlawful business practices.

39. Plaintiff and the Class seek equitable relief because they have no other adequate remedy at law. Absent equitable relief, Target will continue to injure consumers and harm the public's interest, thus engendering a multiplicity of judicial proceedings.

40. Additionally, Plaintiff and the Class seek judgment against Target for preliminary and permanent injunctive relief, restitution, and/or proportional disgorgement of profits earned as a result of the conduct alleged herein, along with interest, attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5, the substantial benefit doctrine, the common-fund doctrine, or other authority requiring Target to pay attorneys' fees and litigation expenses.

## THIRD CLAIM

### (Violation of the California Constitutionally Protected Privacy Right)

41. Plaintiff refers to and incorporates by reference the above paragraphs.

42. California's constitutionally guaranteed right of privacy unequivocally includes the right to control the dissemination of one's personal information, including credit and debit card numbers, card expiration dates, three-digit CVV security codes, customer names, mailing addresses, phone numbers and email addresses.

43.     Consumers have legally protectable privacy interests in their credit and debit card information, and their ability to control the disclosure and dissemination of that information.

44.     Consumers reasonably expect that their credit and debit card information will remain private when they enter credit or debit card transactions with retailers, and that their information will only be used to process purchase transactions with retailers. They do not expect this information to be stolen. Target's actions seriously invade consumer privacy rights, resulting in consumers having their credit and debit card information, and other personal identification information, disclosed to unknown third parties without knowledge or consent, and suffering unauthorized credit and debit card charges, and unauthorized withdrawals from their bank accounts.

45.     Target knew that consumers had protected privacy rights in their credit and debit card information, and other personal identification information, yet disregarded those rights. Target's conduct caused consumers' credit and debit card information, and other personal identification information, to be compromised and disclosed without knowledge or consent. Thus, Plaintiff and the Class were damaged in an amount according to proof.

46.     Unless and until enjoined, and restrained by court order, Target's conduct will continue to cause Plaintiff, the Class, and the public great and irreparable injury because unknown third parties will continue to illegally use or disclose their private credit and debit card information, and other personal identification information. Plaintiff and the Class have no adequate remedy at law for the injuries because a judgment for the monetary damages will not end the invasion of privacy.

## FOURTH CLAIM

### (Common Law Bailment)

47.     Plaintiff refers to and incorporates by reference the above paragraphs.

48.     Plaintiff, the Class members, and Target were parties to contracts that required Target to adequately protect credit card, debit card and other personal information from theft or unauthorized disclosure.

49.     Alternatively, Plaintiff and Class members were third party beneficiaries to contracts and/or agreements that Target entered into with card issuing banks and/or credit card associations/networks. These agreements required Target to adequately safeguard credit card, debit card

and/or other personal information from theft or unauthorized disclosure.

50.     On information and belief, Target breached its agreements with Plaintiff, Class members and other financial institution associations by failing to adequately safeguard Plaintiff and Class members' credit and debit card information, and other personal identification information.

51.     Plaintiff and the Class have been injured as a proximate result of these breaches.

52.     Target's conduct constitutes a breach of the duties arising from the common law bailment.

## FIFTH CLAIM

### (Violation of Cal. Civ. Code § 1798.80 *et seq.*)

53.     Plaintiff refers to and incorporates by reference the above paragraphs.

54.     The data breach described above constituted a "breach of the security system" of Target, within the meaning of Section 1798.82(g) of the California Civil Code.

55.     The information lost in the data breach constituted "personal information" within the meaning of Section 1798.80(e) of the California Civil Code.

56.     Target failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

57.     Target unreasonably delayed informing Plaintiff and the Class of the breach of security after learning that the data breach had occurred; and even after notifying customers of the breach, further unreasonably delayed in informing Plaintiff and the Class of the scope of the breach relating to other personal identification information, including mailing addresses, phone numbers and email addresses.

58.     Target failed to disclose to Plaintiff and the Class, without unreasonable delay, and in the most expedient time possible, the breach of security of their unencrypted, or not properly and securely encrypted, personal information when they knew or reasonably believed such information had been compromised.

59.     Upon information and belief, no law enforcement agency instructed Target that notification to Class Members would impede investigation.

60.     As a result of Target's violation of Cal. Civ. Code§ 1798.80 *et seq.,* Plaintiff and the Class incurred economic damages, including expenses associated with necessary credit monitoring.

61.    Plaintiff, individually and on behalf of the Class, seeks all remedies available under Cal. Civ. Code § 1798.84, including but not limited to damages suffered by the Class as alleged above; statutory damages for Target's willful, intentional, and/or reckless violation of Cal. Civ. Code § 1798.83; and equitable relief.

62.    Plaintiff, individually and on behalf of the Class, also seeks reasonable attorneys' fees and costs under Cal. Civ. Code § 1798.84(g).

### Prayer for Relief

Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter an order:

a.    certifying the Class and designating Plaintiff as the Class representative and her counsel as Class counsel;

b.    requiring Target to make whole any losses suffered by the Plaintiff and Class as a result of Target's misconduct;

c.    requiring Target to compensate and/or provide monies needed to monitor the Plaintiff and Class members' financial accounts;

d.    requiring Target to disgorge any ill-gotten profits to the extent permitted by applicable law, together with interest thereon from the date of payment;

e.    enjoining Defendant from using the information now in its possession;

f.    requiring Target to adequately safeguard Plaintiff and Class members' PERSONAL INFORMATION;

g.    enjoining Target from further actions which place the consuming class at risk of future security breaches;

h.    awarding the Class statutory damages according to proof;

i.    awarding the Class general damages according to proof;

j.    awarding the Class special damages according to proof;

k.    awarding the Class exemplary and punitive damages according to proof;

l.    declaring Target financially responsible for notifying the Class of the pendency of this action;

1         m.    requiring Target to pay Plaintiff and Class members a reasonable attorneys' fee

2 and costs of litigation; and

3         n.    providing other legal and/or equitable relief as the cause of justice requires.

4

Dated:  January 14, 2014               STONEBARGER LAW, APC

5

6

7                               By: /s/ Gene J. Stonebarger

8                                 Gene J. Stonebarger
gstonebarger@stonebargerlaw.com

9                                 STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145

10                                Folsom, CA  95630

11                               Attorneys for Plaintiff and the Class

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff demands a trial by jury on all issues so triable.

3     Dated:  January 14, 2014                          STONEBARGER LAW, APC

4

5                                                       By: /s/ Gene J. Stonebarger
6                                                            Gene J. Stonebarger
                                                             gstonebarger@stonebargerlaw.com
7                                                            STONEBARGER LAW, APC
                                                             75 Iron Point Circle, Suite 145
8                                                            Folsom, CA  95630

9                                                          Attorneys for Plaintiff and the Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28